850 F.2d 689
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Clifton JOHNSON, Plaintiff-Appellant,
v.
Dr. Jay LEE; Freeman Sands, Chief of Security, Defendants-Appellees.
 No. 88-6584.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 27, 1988.
Decided: June 27, 1988.
 
 D.Md.
 AFFIRMED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (C/A No. 88-408-N)
 Robert Clifton Johnson, appellant pro se.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Clifton Johnson, who is involuntarily committed to a mental hospital, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action under 28 U.S.C. Sec. 1915(d). We affirm.
 
 
 2
 Johnson claims that the defendants, one of whom is a physician, made an unjustified decision to place him in bodily restraints while he was being transported from the mental institution in which he is involuntarily committed to another facility. He claims that the district court erred in ruling that under Daniels v. Williams, 474 U.S. 327, 333 (1986), the defendants could not be liable for their negligent judgment.
 
 
 3
 Under Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982), Johnson has a constitutionally protected liberty interest in being free from physical restraint. This interest is not absolute, however, but must be weighed against the state's interest in restraining Johnson. Id. at 320. A physician's decision to physically restrain someone who has been involuntarily committed "is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323.
 
 
 4
 Johnson's allegations demonstrate that the defendants' decision to place him in restraints was based on medical judgment. Thus, the district court did not err in dismissing this action pursuant to 28 U.S.C. Sec. 1915(d), as it appears " 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' " that Johnson is entitled to no relief. Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979).
 
 
 5
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.